1  M. Cris Armenta (Cal. SBN 177403)
2  THE ARMENTA LAW FIRM APC
   1230 Rosecrans Avenue, Suite 300
3  Manhattan Beach, CA 90266
   Telephone: (310) 826-2826
4  Facsimile: (310) 695-2560
   Email: cris@crisarmenta.com
5
   Attorneys for Plaintiff Cove Partners LLC
6

7

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12  COVE PARTNERS LLC,                    Case No.

13                    Plaintiff,

14  vs.                                   **COMPLAINT FOR (1) BREACH
                                          OF THE IMPLIED COVENANT
15  XL SPECIALTY INSURANCE                OF GOOD FAITH AND FAIR
    COMPANY, AND DOES 1                   DEALING; (2) FRAUDULENT
16  THROUGH 10,                           INDUCEMENT; (3) FRAUD;
                                          (4) BREACH OF CONTRACT;
17                    Defendants.         (5) DECLARATORY RELIEF;
                                          (6) AND REFORMATION**
18
                                          **[Demand For Jury Trial]**
19

20

21

22

23

24

25

26

27

28
                         COMPLAINT

**INTRODUCTION**

1.      This action seeks compensatory and punitive damages for breach of the implied covenant of good faith and fair dealing found in every insurance contract, as well as for fraud in the inducement and fraud.  It also seeks compensatory damages for breach of the insurance contract, as well as reformation and declaratory judgment.

2.      Despite months of detailed discussions concerning the express purpose of the policy required by Plaintiff, Defendant has wrongfully denied coverage for the very events that the policy was designed to cover.  In exchange for what it understood to be the specific policy it had negotiated with Defendant, Plaintiff paid a premium of $310,000.00 for the policy.  As a result of the wrongful denial of coverage, Plaintiff has suffered substantial damages and continues to incur substantial attorneys' fees in defense of the claims tendered.

3.      Plaintiff Cove Partners LLC ("Cove Partners") seeks compensatory and punitive damages for the breach of the implied covenant of good faith and fair dealing, for fraudulent inducement and for fraud. Also, or in the alternative, Cove Partners seeks compensatory damages for breach of the insurance contract, reformation and a judicial determination of the parties' rights and obligations under an insurance contract entitled "Cove Partners Management Liability Reimbursement Insurance" (the "Policy").  Cove Partners has sought coverage for the underlying matter further described below.

4.      Defendant XL Specialty ("XL") was specifically aware that one of the very purposes of the Policy was to provide insurance coverage in the event that the principal of Cove Partners was sued in connection with his role as an executor and/or trustee of an estate which had active probate litigation ongoing when the Policy was issued.  Plaintiff fully disclosed that probate litigation prior

to the inception of the Policy, and XL agreed in writing that the coverage would include "all liab[ility] associated with being executor and trustee" with respect to the estate at issue.   XL has now refused coverage for the claims covered under the Policy.  Pre-litigation attempts at mediation failed and this Complaint is filed within the timeframe permitted by a fully executed tolling agreement between the parties.

## PARTIES

5. COVE PARTNERS is a limited liability company formed in the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

6. XL SPECIALTY INSURANCE COMPANY ("XL") is an insurance company incorporated in the State of Delaware with its principal place of business in the state of Connecticut.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 28 U.S.C. §§ 1332, 2201, and 2202.

8. There exists complete diversity between Plaintiff, on the one hand, and the Defendants, on the other, and the amount in controversy as to each defendant exceeds the sum or value of $75,000, exclusive of interest and costs.  As set forth below, there is an actual controversy between the parties.

9. Pursuant to 28 U.S.C. 1391, venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## THE POLICY

10. Cove Partners paid a premium of $310,000 for the Policy.  The Policy is entitled Management Liability Reimbursement Insurance and contains a limit of liability of insurance of $10,000,000 in the aggregate, including defense expenses.

A true and correct copy of the Application, which became a part of the Policy, is attached hereto as Exhibit A.  The Policy, which was negotiated by the parties and was provided by XL, is attached hereto as Exhibit B.  Both Exhibits A and B are attached hereto and fully incorporated as if set forth fully herein.

11.    Section I [Insuring Agreement] of the Policy provides:

"The Insurer shall pay on behalf of Insured Persons Loss resulting from a Claim first made against the Insured Persons during the Policy Period, or if applicable, the Optional Extension Period, for a Wrongful Act except for Loss which the Company is permitted or required to pay on behalf of the Insured Persons."

12.    Section II 9 [Definitions] of the Policy, as amended by Endorsement No. 1 [Terrorism Premium Endorsement], No. 2 [California Amendatory Endorsement], No. 3 [Additional Insured Person(s) Endorsement], No. 4 [Amend Definition of Company], No. 5 [Pre-Approved Counsel Endorsement], No. 6 [Professional Services Endorsement], No. 7 [Amend Definition of Company], No. 8 [Amend Insured Person Endorsement], and No. 9 [Delete an Endorsement] provides in pertinent part:

(C)    "Claim" means:

    (1)    a written demand for monetary or non-monetary relief, including any request to toll or waive a statute of limitations;

    (2)    any civil proceeding in a court of law or equity , or arbitration;

    . . . .

    (4)    a formal civil, criminal, administrative regulatory proceeding or investigation of an insured which is commenced by the filing or issuance of a notice of charges, information, target letter, formal investigative order, subpoena, or similar document identifying in

writing such insured as a person or entity against whom a proceeding as described in (C)(2) or (3) above may be commenced . . .

(D)    "Company" means the Parent Company and any Subsidiary created or acquired on or before the Inception Date set forth in Item 2 of the Declarations or any entity scheduled hereto, subject to GENERAL CONDITIONS VI(D).

(E)    "Defense Expenses" means reasonable legal fees and expenses incurred in the defense of any Claim including the premium for an appeal bond, attachment bond or similar bond but will not include applying for or furnishing such bond. Defense Expenses will not include the Company's overhead expenses or any salaries, wages, fees or benefits of its directors, officers or employees.

(F)    "Insured Person" means:

(1)    any past, present or future director or officer, or member of the Board of Managers, of the Company and those persons serving in a functionality equivalent role for the Parent Company or any Subsidiary operating or incorporated outside the United States;

(K)    "Interrelated Wrongful Acts" means any Wrongful Act based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any of the same or related facts, series of related facts, circumstances, situations, transactions or events.

(M)   "Loss" means damages (including back pay and front pay), judgments (including pre-judgment and post judgment interest, settlements or other amounts (including punitive or exemplary, where insurable by law) and Defense Expenses in excess of the Retention that the Insured is legally obligated to pay;  . . .

(Z)   "Wrongful Act" means any actual or alleged act, error, omission, misstatement, misleading statement, neglect, or breach by the Company or any Insured while acting in his or her capacity as such.  . . .

13.   Section III [Exclusions] of the Policy provides, in pertinent part:

The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured:

(C)   based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance, situation, transaction, event, Wrongful Act underlying or alleged in any prior and/or pending litigation or administrative or regulatory proceeding or arbitration which was brought prior to the Pending and Prior Litigation Date set forth in ITEM 6 of the Declarations; . . .

14.   Section VI [General Conditions] of the Policy provides, in pertinent part:

(A)   Notice

1

2    (1)    As a condition precedent to any right to payment under this Policy

3           with respect to any Claim, the Insured shall give written notice to the

4           Insurer of any Claim as soon as practicable  after it is first made;

5

6    (2)    If, during the Policy Period, the insured first becomes aware of a

7           specific Wrongful Act and if, during the Policy Period, the Insured:

8

9           (a)    provides the Insurer with written notice of the specific

10                 Wrongful Act the consequences which have resulted or may

11                 result there from (including but not limited to actual or

12                 potential damages), the identities of the potential claimants, the

13                 circumstances by which the Insured first became aware of such

14                 Wrongful Act; and

15

16          (b)    requests coverage under this Policy for any subsequently

17                 resulting Claim for such Wrongful Act;

18

19          then any clam subsequently made arising out of such Wrongful Act

20          will be treated as if it had been first made during the Policy Period.

21

22

23          15.    Based on information and belief, XL did not issue a final Policy until

24    on or about February 12, 2009.  Accompanied with the Policy was Cove Partners

25    Management Liability and Company Reimbursement Insurance Policy

26    Declarations ("Declarations"), which is attached hereto as Exhibit C as it fully set

27    forth herein.

28

COMPLAINT

16.   The Declarations set forth the Policy period as from June 18, 2008 through June 18, 2011.  The Declarations also provides, in pertinent part: "THESE DECLARATIONS AND THE POLICY WITH THE ENDORSEMENT, ATTACHMENTS AND THE APPLICATION SHALL CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE INSURER AND THE INSURED RELATING TO THIS INSURANCE."

17.   The Application, in the language drafted by XL, states that with respect to prior activities, "Without prejudice to any other rights and remedies of the Insurer, any Claim arising from any claims, acts or circumstances required to be disclosed in response to be [sic] 7 .a) or 7.b) above is excluded from the proposed insurance."  In the disclosure contained in the Application, Cove Partners disclosed a host of "New York Related Cases/Actions."  In that same disclosure Cove Partners explicitly noted that it required coverage for "*all liab[ility] associated with being executor and trustee.*"  This language is specifically and expressly incorporated into the Policy.

18.   During the extensive negotiations which led to the purchase of the Policy by Cove Partners and payment of the large premium, XL did not provide draft Declarations seeking to exclude the New York Related Cases/Actions or otherwise attempting to restrict the broad explicit coverage for "all liab[ility] associated with being executor and trustee."

19.   Further, prior to the issuance of the Policy, Cove Partners specifically advised that if the principal of Cove Partners was "sued over the administration of his father's estate, e.g. by his father's wife, he would expect this policy to respond."   Cove Partners indicated that for a policy premium of the size, "this policy has to cover the landscape."  Cove Partners further reiterated that the "policy is intended to and designed to give coverage to [the principal] for his acts as a 'trustee executor and so forth.'  Thus, it protects him from claims for

negligence for beneficiaries, which in many cases could be folks that would be picked up under the Family Exclusion, i.e. distant relatives, not related by current marriage or blood, etc. The effect would be to strip away the coverage granted." Upon information and belief, based on this explicit statement that a very purpose of the policy was to provide coverage in the event of any claims by any beneficiaries of the estate administered by Cove Partners' principal, XL "agreed to remove the Family Exclusion."  At no time, did XL or any of its representatives indicate that the coverage could be voided in theory by later Declarations or by the purported interpretation of a separate part of the Policy (such as "Interrelated acts") that would have the same effect – i.e. stripping away coverage for the very matters for which the coverage was intended by both Cove Partners and XL.

The Claims At Issue for Coverage

20.    The November 2009 Petition.  On or about November 5, 2009, a Petition was filed in the Surrogate's Court of the State of New York in the County of New York in which Cove Partners' principal was sued for, among other things, an award of money damages "in an amount no less than $2.5 million plus an award of punitive damages in the sum of $5 million."  The Petition also sought other relief against the principal in his capacity of Executor of his father's estate. The Petition, which was verified, indicated that that "[n]o prior application has been made for the relief requested herein, except as set forth as affirmative defenses in the SCPA § 1805 Proceeding, and objections to the Estate Accounting."    In connection with the Petition, the Surrogate issued a citation to Cove Partners' principal on or about November 16, 2009.   Cove Partners' principal received the Petition and the citation by mail after November 16, 2009.

21.    Through its agent, Cove Partners provided XL with Notice of the November 2009 Petition on or about December 3, 2009.

22.     On February 26, 2010, XL responded to the Notice of the November 2009 Petition, denying and refusing coverage under the Policy; while reserving rights, XL also requested additional information.

23.     On April 2, 2010, Cove Partners provided the information requested by XL, and objected to the untimeliness of XL's response.

24.     On April 19, 2010, XL responded to the additional information provided by Cove Partners and concluded "that no coverage is available under this Policy."

25.     The September 2009 Objections.  Cove Partners provided XL with the Verified Objections dated September 14, 2009 filed in the Surrogate's Court of the State of New York for the County of New York.

26.     Cove Partners' Request to Reconsider Denial of Coverage.   On January 7, 2011, Cove wrote to XL again, asking it to reconsider its denial of coverage.

27.     On March 1, 2011, XL, through counsel, again denied coverage for the September 2009 Objections and the November 2009 Petition.

28.     On June 1, 2011, Cove Partners, through counsel, wrote again to XL and requested that the coverage issue be re-examined.

29.     On June 3, 2011, Cove Partners tendered a "Summons With Notice" with a corresponding "Notice of Inquest" to XL and requested coverage ("2010 Action").

30.     On June 16, 2011, Cove Partners, through counsel, provided a final request for coverage for any subsequently resulting claims related to the claims made during the Policy period.

31.     On July 7, 2011, XL, through counsel, denied coverage for the claims again.

32.     On July 15, 2011, XL, through counsel, acknowledged that the matters raised in the June 16, 2011 letter were potential claims.

33.     <u>Defense of the Claims Tendered.</u>  Since the claims were received and tendered, Cove Partners and its principal have incurred substantial attorneys' fees in defending these claims and ensuring that they do not result in an adverse judgment against the insured.   Despite attempts to negotiate and to mediate, prior to filing this litigation, XL continues to refuse to provide coverage.  As a result, the insured, after having purchased the Policy and paid a substantial premium, has been abandoned by XL, and forced to incur substantial attorneys' fees and damages to defend against the claims tendered.  Litigation is still active and attorneys' fees continue to mount.  This action is filed now timely, prior to the expiration of the tolling agreement executed by all parties.

34.     <u>Declaratory Relief Requested.</u>  Cove Partners has sought coverage for the November 2009 Petition and the September 2009 Objections and the 2010 Action.  XL has advised Cove Partners that it refuses to provide coverage under the Policy for these matters.

35.     Cove Partners has taken issue with XL's position.

36.     The issues raised herein and their resolution by the Court will directly govern XL's obligations under the Policy.  This matter is therefore ripe for adjudication on the declaratory relief claim.

**FIRST CAUSE OF ACTION**

**[BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND**

**FAIR DEALING AGAINST ALL DEFENDANTS]**

37.     Cove Partners realleges in full and incorporates by reference the allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38.     XL at all material times had a duty to act fairly and good faith toward Cove Partners and its principal in carrying out its responsibilities under the Policy.

Part of XL's obligation to act fairly and in good faith towards Cove Partners and its principal is its duty to respond promptly and fairly to claims and requests and to make reasonable, good faith evaluations and decisions concerning such claims and requests.  The implied covenant of good faith and fair dealing further constituted promises and obligations on the part of XL that it would do nothing to injure, frustrate or interfere with the rights of Cove Partners and its principal under the Policy to receive the benefits of that Policy.

39.    XL has breached the implied covenant of good faith and fair dealing by wrongfully and vexatiously refusing to provide insurance coverage due and owing to Cove Partners and its principal.  In contravention of its duties and obligations, XL has, among other things: (1) unfairly and unreasonably construed the "Interrelated Acts" exclusion in breach of the representations it made when binding the Policy and accepting a $310,000 premium from Cove Partners; (2) engaged in a pattern of delay while manufacturing reasons or bases to deny coverage to Cove Partners under the Policy; (3) construed the disclosed prior and pending litigation in such a manner so as to support its own position denying coverage rather than construing them in favor of coverage as required by California law; (4) relied unfairly on Declarations that were not provided to Cove Partners until well after coverage was in place; and (5) failed to acknowledge that the specific reason the Family Exclusion was removed from the Policy was to ensure that coverage was in place in the event a beneficiary of the estate administered by Cove Partners' principal brought affirmative claims against him, among other things.

40.    XL did the things and committed the acts alleged above for the purpose of consciously withholding from Cove Partners and its principal the rights and benefits to which they are entitled under the Policy, and without considering the interests of its insureds at least to the same extent as its own interests.

41.   XL's acts are inconsistent with the reasonable expectations of its insureds, are contrary to established norms, practice and legal requirements related to insurance claims, are contrary to the express terms of the Policy, are contrary to the specific negotiations that predated the binding of the Policy, and constitute bad faith and a breach of the implied covenant of good faith and fair dealing.

42.   XL's conduct is and has been undertaken with a conscious disregard of Cove Partners' rights and the rights of its principal as beneficiary of the insurance Policy at issue.

43.   In light of information, facts and relevant law to the contrary, XL, by acting as alleged above and as will be proved at trial, consciously disregarded Cove Partners' rights and those of its principal and continues to prejudice them. XL has forced Cove Partners and its principal to incur substantial financial losses and to take action to pursue the insurance coverage to which Cove Partners and its principal are entitled.  XL has established a pattern of wrongly refusing coverage, causing great prejudice to Cove Partners and its principal.   XL has ignored Cove Partners' interests and concerns and those of its principal through oppressive, malicious and fraudulent conduct.

44.   As a direct and proximate result of XL's breaches, Cove Partners and its principal suffered and continue to suffer substantial damages, in an amount exceeding the jurisdictional minimum of this Court, and to be determined at trial. Such damages include, among other things, the defense fees and costs incurred in connection with the matters for which XL has denied coverage and any amounts to be paid in settlement of or in satisfaction of a judgment rendered in those matters.

45.   Cove Partners and its principal incurred and continue to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which they are entitled and which XL has wrongfully denied them under the Policy.

1  Cove Partners is entitled to recover and seeks to recover through this lawsuit, all

2  such attorneys' fees and costs, plus interest.

3  <u>**SECOND CLAIM FOR RELIEF**</u>

4  **[FRAUDULENT INDUCEMENT**

5  **AGAINST XL SPECIALTY INSURANCE AND DOES 1-2]**

6  46.   Cove Partners realleges in full and incorporates by reference the

7  allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

8  47.   Defendants XL and DOES 1-2 made intentional actions, statements

9  or omissions in the conduct above-described, including: (1) agreeing that the

10 Policy would cover "all liab[ility] associated with being executor and trustee;" (2)

11 agreeing to excise the Family Exclusion so as to provide coverage in the event of a

12 claim by the insured's principal's step-mother; (3) failing to address the prior act

13 exclusion date during the extensive negotiations that led to the Policy, among

14 others.

15 48.   These misrepresentations were material to the decision of Cove

16 Partners to enter into the insurance contract.

17 49.   Cove Partners reasonably relied on those misrepresentations.

18 50.   As a result, Cove Partners is entitled to either rescind the transaction

19 or affirm the transaction and receive an award of compensatory and punitive

20 damages.

21 <u>**THIRD CLAIM FOR RELIEF**</u>

22 **[FRAUD**

23 **AGAINST XL SPECIALTY INSURANCE AND DOES 1-2, 3-4]**

24 51.   Cove Partners realleges in full and incorporates by reference the

25 allegations contained in paragraphs 1 through 50 above as if fully set forth herein.

26 52.   XL Specialty and DOES 1-2, and 3-4 represented that the Policy

27 covered "all liab[ility] associated with being executor and trustee."

28

53.    This representation was material.

54.    Defendants knew that this representation was false and intended that, relying upon that representation, Cove Partners would pay a premium for and purchase the Policy.

55.    Cove Partners, in fact, reasonably relied upon this representation.

56.    Cove Partners has suffered damages as a result.

57.    As a result of the conduct of the Defendants, which arises from fraud, Cove Partners is entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

## [BREACH OF CONTRACT AGAINST XL SPECIALTY INSURANCE]

58.    Cove Partners realleges in full and incorporates by reference the allegations contained in paragraphs 1 through 57 above as if fully set forth herein.

59.    Cove Partners has complied fully with all the terms and conditions of the Policy, and has fulfilled each obligation on its part to be performed.

60.    XL has breached its obligations to Cove Partners under the Policy by failing and refusing to pay defense fees and costs which Cove Partners and/or its principal have incurred in connection with the November 2009 Petition and the September 2009 Objections and the 2010 Action.

61.    XL has breached its obligations to XL under the Policy by repudiating its obligations to pay for (1) all defense fees and costs to be incurred by Cove Partners and/or its principal in connection with the November 2009 Petition and the September 2009 Objections and the 2010 Action, and (2) any settlement or judgment pertaining to them.

62.    As a direct and proximate result of XL's breach of contract and failure to abide by its duty to promptly pay defense fees and costs, Cove Partners and its principal have been damaged in an amount exceeding the jurisdictional minimum of this Court, and to be proven at trial.

1
2
3

## FIFTH CLAIM FOR RELIEF

## [DECLARATION OF COVERAGE UNDER THE POLICY AGAINST XL SPECIALTY INSURANCE]

4   63.   Cove Partners realleges in full and incorporates by reference the
5   allegations contained in paragraphs 1 through 62 above as if fully set forth herein.

6   64.   An actual controversy exists between Cove Partners, on the one hand,
7   and XL, on the other hand, relating to their respective rights and obligations under
8   the Policy.

9   65.   Cove Partners submits that coverage exists for the November 2009
10  Petition, the 2010 Action, and the September 2009 Objections.  XL takes the
11  opposite position.

12  66.   A declaratory judgment is necessary at this time to determine the
13  rights and obligations of the parties under the Policy.

14  ## SIXTH CAUSE OF ACTION

15  ## [REFORMATION OF THE INSURANCE CONTRACT
16  AGAINST XL SPECIALTY INSURANCE]

17  67.   Cove Partners realleges in full and incorporates by reference the
18  allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

19  68.   The Policy should be reformed to delete the date advanced by XL as the
20  "prior acts date" because: (a) the insertion of the date into the Policy by XL after
21  it was fully negotiated was a mistake inconsistent with the explicit intent of the
22  Policy and Cove Partners was unaware of that insertion; (b) the parties were
23  mistaken as to this term and its impact on the specific claims for which coverage
24  was explicitly sought; (c) XL's misrepresentations of the Policy were the result of
25  fraud or deceit.

26
27
28

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

**As to the First, Second and Third Claims for Relief –**

**Breach of Implied Covenant of Good Faith and**

**Fair Dealing Against All Defendants,**

**Fraudulent Inducement and Fraud**

1.      Compensatory damages;

2.      Exemplary damages;

3.      Attorneys' fees;

4.      Costs of suit.

**As to the Fourth Claim for Relief – Breach of Contract**

1.      Contract damages for the defense of the 2009 September Objections and of the 2009 November Petition  and the other matters tendered to XL by Cove Partners during the Policy period in an amount exceeding the jurisdictional minimum of this Court; and

2.      Costs of suit.

**As to the Fifth Claim for Relief – Declaratory Judgment**

1.      A declaration that XL is obligated under the Policy to provide coverage and defense costs for the defense of the 2009 September Objections;

2.      A declaration that XL is obligated under the Policy to provide coverage and defense costs for the defense of the 2009 November Petition;

3.      A declaration that XL is obligated under the Policy to provide coverage and defense costs for the matters tendered to it during the Policy period by Cove Partners; and

4.      Costs of suit.

1

<u>**As to the Sixth Claim for Relief –**</u>

2

<u>**Rescission Against All Defendants**</u>

3

      1.      Reformation of the Policy so as to meet the parties' intentions and to

4

make it devoid of fraud.

5

6

Dated: September 29, 2015          THE ARMENTA LAW FIRM APC

7

8

By: _____

9

M. Cris Armenta
Attorneys for Plaintiff Cove Partners  LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: September 29, 2015

THE ARMENTA LAW FIRM APC

By: _____

M. Cris Armenta
Attorneys for Plaintiff Cove Partners  LLC